IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

|  |  |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | : |
| | : |
| ACE INA GROUP, and | : |
| | : |
| GERLING GLOBAL GENERAL, | : |
| a/s/o SUN FINANCIAL ASSURANCE | : |
| COMPANY OF CANADA | : |
| 150 King Street West, Suite 1511 | : |
| Toronto, Ontario M5H 1J9 | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| TOWN OF WELLESLEY | : |
| WELLESLEY MUNICIPAL LIGHT PLANT | : |
| 455 Worchester Street | : |
| Wellesley, MA  02481 | : |
| | : |
| Defendant | : |
| | : |

FILED ... OFFICE.
2003 DEC -9 P 2: 25
U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT #_____ 52361
AMOUNT $_____ 150
SUMMONS ISSUED_____ |
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE _____ 12-8-03

CIVIL ACTION NO.

**03 cv 12479 NG**

MAGISTRATE JUDGE _Bowler_

**JURY TRIAL DEMANDED**

## COMPLAINT

### Parties

1.      Plaintiff, American Home Assurance Company, is an insurance company duly

organized and existing under the laws of the State of New York.  At all times relevant hereto,

American Home Assurance Company was engaged in the business of insurance.

2.      Plaintiff, ACE INA Group, is a Canadian corporation with a principal place of

business located in Toronto, Canada.  At all times relevant hereto, ACE INA Group was engaged

in the business of insurance.

3.      Plaintiff, Gerling Global General Insurance Company, is an insurance company

duly organized and existing under the laws of Canada and with a principal place of business

located in Toronto, Ontario. At all times relevant hereto, Gerling Global General Insurance Company was engaged in the business of insurance.

4.      Defendant, Town of Wellesley, Wellesley Municipal Light Plant, is a municipality within the Commonwealth of Massachusetts with a principal place of business located at 455 Worchester Street, Wellesley, MA 02481. At all times material hereto, Defendant, Town of Wellesley, Wellesley Municipal Light Plant, was engaged in the business of selling and supplying electricity to consumers in Wellesley, MA.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this judicial district pursuant to 28 U.S.C. § 1332 since the matter in controversy exceeds $75,000.00 exclusive of interests and costs and the plaintiff and defendants are citizens of different states.

6.      Venue is proper in the District of Massachusetts, as this is the judicial district in which the claim arose and where the tortuous acts and omissions of the defendants occurred.

## Facts

7.      At all times material hereto, plaintiffs American Home Assurance Company, ACE INA Insurance Company and Gerling Global General Insurance Company had in force and effect a policy of insurance providing coverage to Sun Financial Assurance Company of Canada with respect to its interests in a residential home construction project located at 11 Deerborne Street, Wellesley, Massachusetts.

8.      On or about March 6, 2001 the town of Wellesley owned and maintained the secondary electrical service on Deerborne Street, Massachusetts.

9.      The secondary electric service on Deerborne Street consists of three wires; two (2) 120-volt legs and one (1) grounded neutral wire.

10.     On or about March 6, 2001 the town of Wellesley, including Deerborne Street, sustained a winter storm consisting of winds and snowfall.

11.     The winter storm described in the foregoing paragraph caused the secondary neutral wire between polls 4 and 5 on Deerborne Street to break.

12.     The neutral wire describe in the foregoing paragraph then came in contact with one of the 120 volt "hot" legs, thereby energizing the neutral wire of the house service to 11 Deerborne Street at voltages up to 120 volts.

13.     The neutral wire came in contact with the 120-volt leg because once the neutral break occurred, there was no tension on the neutral wire allowing it to fall and lay across the energized 120-volt conductor just below it.

14.     The high voltage fuse which protects the transformer supplying services to 11 Deerborne Street did not "blow" or trip.

15.     When the neutral wire for the house service at 11 Deerborne Street was energized, and the high voltage fuse described in paragraph 14 did not trip, the electrical occurrence persisted and caused enough heat to ignite the premises at 11 Deerborne Street.

16.     Sun Life Assurance Company of Canada has made claims under the insurance policy issued by plaintiffs and plaintiffs have made payments to its insured for those losses.

17.     As a result of the payments noted above, plaintiffs are legally, equitably and contractually subrogated to the claims of Sun Life Assurance Company of Canada to the full extent of the payments made to date and to be made as additional claims are presented and adjusted.

18.     The damages sustained by Sun Life Assurance Company of Canada and the plaintiffs were caused by the negligence, carelessness, acts and omissions, supply of a defective product and breach of warranty of the defendant as more fully set forth below.

3

19.    Plaintiff filed a timely Notice of Claim with the defendant pursuant to M.G.L. 258 § 4.

## COUNT I

## NEGLIGENCE

20.    Plaintiffs incorporate by reference the allegations set forth above as though fully set forth at length herein.

21.    The occurrence referred to above was caused by the negligence, carelessness and/or negligent omissions of defendant Town of Wellesley Municipal Light Plan, its agents, servants and/or employees acting within the scope and course of their employment in;

(a)    Failing to take proper steps top protect plaintiff's premises from an electrical fire or the hazards of electricity;

(b)    Failing to properly and safely supply electricity to the premises;

(c)    Failing to properly inspect, maintain, repair, and service the electrical supply cables and other electrical equipment servicing plaintiffs' premises;

(d)    Failing to detect and prevent electrical shorts and other malfunctions in the electrical equipment supplying electricity to plaintiffs premises;

(e)    Failing to comply with all applicable codes, regulations and industry standards and servicing, maintaining, inspecting, and repairing the electrical equipment servicing plaintiffs' premises;

(f)    Failing to properly instruct, train, and monitor its agents, employees, worker's and/or servants;

(g)    Failing to install insulated secondary conductors which were available at the time the secondary conductors on Deerborne Street was installed;

(h)    Failing to protect plaintiffs premises from the hazards of fire caused by the conduct set forth above; and

(i)    Otherwise failing to use due care under the circumstances.

22.     By reason of the aforesaid negligence, carelessness and negligent acts or omissions on the part of defendant, the occurrence referred to above took place and resulted in damage and destruction to the property of plaintiff previously set forth, without any negligence of plaintiff contributing thereto.

WHEREFORE, plaintiff demands judgement against defendant Town of Wellesley Municipal Light Plant for damages in an amount in excess of $90,000.00, together with interest, cost of suit and such other relief as may be ordered by this Court.

## COUNT II

## BREACH OF WARRANTY

23.     Plaintiffs incorporate by reference the allegations set forth above as though fully set forth at length herein.

24.     At all times material hereto, defendant Town of Wellesley Municipal Light Plant was a seller and merchant of electricity and sold, distributed and/or otherwise supplied electricity and electrical services to plaintiff.

25.     Defendant Town of Wellesley Municipal Light Plant expressly and/or impliedly promised, covenanted and warranted that it would supply, distribute, sell, transmit and deliver electricity in a safe, proper and workmanlike manner, and that it would service, maintain, and repair the equipment servicing plaintiff's premises in a good, proper, and workmanlike manner.

By reason of defendants breaches of the aforesaid warranties, the occurrence referred to above took place and resulted in the damage and destruction to the property of plaintiff previously set forth.

WHEREFORE, plaintiff demands judgement against defendant Town of Wellesley Municipal Light Plant for damages in an amount in excess of $90,000.00, together with interest, cost of suit and such other relief as maybe ordered by this Court.

## COUNT III

## STRICT PRODUCTS LIABILITY

26.    Plaintiffs incorporate by reference the allegations set forth above as though fully set forth at length herein.

27.    The occurrence referred to above was caused by the negligence, carelessness and/or negligent omissions, and the supply of a defective product of defendant Town of Wellesley Municipal Light Plan, its agents, servants and/or employees acting within the scope and course of their employment.

By reason of defendant's defective product the occurrence referred to above took place and resulted in the damage and destruction to the property of plaintiff previously set forth.

WHEREFORE, plaintiff demands judgement against defendant Town of Wellesley Municipal Light Plant for damages in an amount in excess of $90,000.00, together with interest, cost of suit and such other relief as maybe ordered by this Court.

PATRICK J. LOFTUS, ESQUIRE
9 Park Street, Suite 500
Boston, MA  02108
(617) 723-7770

OF COUNSEL:

LAWRENCE F. WALKER, ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium – 3rd Floor
Philadelphia, PA  19103
Telephone:    (215) 665-6920
Facsimile:    (215) 665-2013


PHILA1\1662554\1 126504.000

7